# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:03CR486** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **DAVID ANDERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On November 19, 2003, the Defendant, David Anderson, was sentenced to seventy (70) months imprisonment, followed by four (4) years of supervised release, for conspiracy to possess with intent to distribute and distribution of cocaine base, a Class B felony.  His supervised release commenced on March 5, 2008.

On or about November 6, 2009, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of supervised release:

1. **New Law Violation, Trafficking in Drugs:**  On October 8, 2009, the offender pled guilty to Drug Trafficking (Marijuana) with a School Yard Specification, a fourth degree felony, in Cuyahoga County Court of Common Pleas Case CR-09-527608 . On October 26, 2009, the defendant was sentenced to 1 year community control with conditions that he perform 150 hours of community service and complete six months in a Community Based Correction Facility (CBCF).

2. **New Law Violation, Receiving Stolen Property:** On August 12, 2009, the offender pled no contest and was found guilty of Receiving Stolen Property in Lakewood Municipal Court Case 2009CRB01188. He was sentenced to one year community control with 179 days for further

violation and ordered to pay $79.72 in restitution.

3. **Failure to Report Law Enforcement Contact with 72 Hours:** The offender was arrested on both of the above charges on August 10, 2009 and failed to disclose them within 72 hours.

4. **Association with Felons without Permission:** On September 21, 2009, the offender reported to the U.S. Pretrial Services and Probation Office with Johnny Darden, who was on state parole for Robbery.

5. **Failure to Comply with Northern District of Ohio Offender Employment Policy:** The offender has not been consistently looking for work, as evidenced by presenting job logs for the entire month of September 2009, with only six entries.

6. **Failure to Follow Instructions of U.S. Probation Officer:** The offender was directed on several occasions to contact the City Mission's Crossroads Men's Crisis Center. He refused to do so.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate Judge for an initial appearance on the alleged violations on March 11, 2010, and was found indigent. Counsel Timothy J. Koral was appointed to represent him. At the hearing, the Defendant admitted to violations one through six. The Magistrate Judge has issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of his supervised release. (Dkt. # 624).

The Court has reviewed the Magistrate Judge's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through six of the probation officer's violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release. Because violation number one involves drug

possession, pursuant to 18 U.S.C. § 3583(g)(1), the Court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d).  Subsection (d), provides that "the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception."

The Court has considered the statutory maximum sentence of three years pursuant to 18 U.S.C. § 3583(e)(3).  The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence.  The guideline range is 33 to 36  months pursuant to U.S.S.G. § 7B1.4(a).  Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation.  (Dkt. # 624).  Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to twenty-four (24) months imprisonment.  Furthermore, the Defendant's remaining term of supervised release is hereby terminated.  Finally, the Court recommends that the Defendant be placed at FCI Memphis for service of his sentence.

**IT IS SO ORDERED.**

Issued: March 22, 2010          s/ Peter C. Economus
                                PETER C. ECONOMUS
                                UNITED STATES DISTRICT JUDGE